UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

Case No. 1:07-mc-56

v

Hon. Gordon J. Quist

ROBERT SNODGRASS,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a proceeding to judicially enforce an Internal Revenue Summons issued on June 28, 2006 by Michael Obranovich, a Revenue Officer of the Internal Revenue Service, to respondent, pursuant to 26 U.S.C. § 7602. The summons arises out of an investigation into the tax liability of respondent for taxable periods ending June 30, 1994, September 30, 1994, and December 31, 1994. The summons was served on respondent by Revenue Officer Obranovich on June 28, 2006, but respondent failed to appear in response to the summons.

A petition to enforce the summons was filed in this court pursuant to 26 U.S.C.§§ 7402(b) and 7604(a) on May 9, 2007. On May 16, 2007, an Order to Show Cause was entered directing respondent to show cause why he should not be compelled to obey the summons. Respondent failed to appear at the July 12, 2007 hearing on the Order to Show Cause.

On the basis of the petition, the declaration of the Revenue Officer, and the testimony and evidence offered at the hearing, I find petitioner has satisfied its burden of establishing a *prima facie* case that the investigation of the respondent referred to in the petition is being conducted

1

pursuant to a legitimate purpose, that the information which petitioner seeks by use of the summons served on the respondent is relevant to that purpose, that the information sought thereby is not already within the possession of the Internal Revenue Service, and that the steps required by the Internal Revenue Service to obtain such information have been followed.  *See, United States v. Powell,* 379 U.S. 48, 57-58 (1964); *United States v. Garden State National Bank,* 607 F.2d 61, 68 (3rd Cir. 1979).  I further find that no referral for criminal prosecution of the taxpayer for the periods under investigation is in effect at this time.  I further find respondent was adequately served with an attested copy of the summons and that he failed to appear in response thereto.

Once a *prima facie* case has been established, the burden shifts to the taxpayer to disprove one of the elements of the government's *prima facie* case or to convince the court that enforcement of the summons would constitute an abuse of the court's discretion.  *La Mura v. United States,* 765 F.2d 974, 979-80 (11th Cir. 1985).  Since respondent has failed to appear or file anything in response to the Order to Show Cause, I respectfully recommend that an order be entered compelling respondent to comply with the terms of the summons heretofore served upon him, and that said order specify a time, date and place for such compliance.  Further, in light of respondent's complete failure to respond to the court's Order to Show Cause, I recommend costs be assessed as requested by petitioner.

Entered:  July 13, 2007                         /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).